# FREJOMIL v MERCY HOSPITAL, INC.
## Case No. 86-07475 CA 25
Eleventh Judicial Circuit, Dade County
October 1, 1988

### APPEARANCES OF COUNSEL

**David C. Appleby,** for Mercy Hospital, Inc.
**Anthony Dieguez,** for Jose Frejomil
**Lewis W. Fishman,** Co-council for Mercy Hospital, Inc.

### OPINION OF THE COURT

PHILIP BLOOM, Circuit Judge.

### ORDER GRANTING REHEARING AND DENYING MOTION TO DISMISS

THIS CAUSE duly came before the Court on Defendant's Motion to Dismiss and/or Plaintiff's Motion for Rehearing of same.

This Court has recently been assigned this case and therefore has reviewed the entire file as well as the memoranda and case citations submitted to the Court; and the Court being otherwise advised in the premises, including hearing oral argument of respective counsel, and in order to avoid manifest injustice, hereby enters its Order in this cause as follows:

1. The thrust of Plaintiff's claim, when the surplusage is disregarded, is contained in Paragraph 5 of the Amended Complaint, namely: "On or about January 17, 1985, the Plaintiff fell and sustained fractures to both hips while using the bathroom facility."

2. Defendant's Motion to Dismiss advances the contention that Plaintiff's claim arises under Chapter 768.57, Florida Statutes which provides for notice, etc. before filing an action for medical malpractice; that a hospital is included within the definition of a health care provider; and therefore the provisions and prerequisites of that Statute relating to a claim for medical malpractice should be complied with.

3. Reduced logically, it appears that Defendant's contention is that any kind of negligence while a person is a patient or guest within the physical confines of a health care provider requires compliance with the Statute. That is not the Court's view.

4. It appears to the Court that Plaintiff's claim is nothing more than a "slip and fall" case. Medical malpractice or claim for the failure to render medical care or services to Plaintiff is not claimed.

5. Accordingly, Plaintiff's Motion for Rehearing is granted; and Defendant's Motion to Dismiss is denied in all respects.

6. As a result of the recent reassignment of this file to this Division so as to become its oldest case, the Court will schedule this matter for trial shortly. The parties are directed to proceed diligently in this matter.

DONE AND ORDERED in Chambers at Miami, Dade County, Florida, this 1st day of October, 1988.